# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES D. KLEIN, RUFUS ORR and ROBERT ZIMMERMAN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>BAIN CAPITAL PARTNERS, LLC, THE BLACKSTONE GROUP L.P., THE CARLYLE GROUP, THE GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS, L.P., JP MORGAN CHASE & CO., JP MORGAN PARTNERS, LLC, KOHLBERG KRAVIS ROBERTS & COMPANY, L.P., MERRILL LYNCH & CO., INC., MERRILL LYNCH GLOBAL PARTNERS, INC., PERMIRA ADVISORS LLC, PROVIDENCE EQUITY PARTNERS, INC., SILVER LAKE PARTNERS, TPG CAPITAL, L.P., THOMAS H. LEE PARTNERS, L.P. and WARBURG PINCUS LLC,<br><br>Defendants. | Case No. 1:07-cv-12388 (EFH) |
| KIRK DAHL, HELMUT GOEPPINGER, and JOEL GERBER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>BAIN CAPITAL PARTNERS, LLC, THE BLACKSTONE GROUP L.P., THE CARLYLE GROUP, GOLDMAN SACHS GROUP, INC., GS CAPITAL PARTNERS, JP MORGAN CHASE & CO., JP MORGAN PARTNERS, LLC, KOHLBERG KRAVIS ROBERTS & COMPANY, L.P., MERRILL LYNCH & CO., INC., MERRILL LYNCH GLOBAL PARTNERS, INC., PERMIRA ADVISORS LLC, PROVIDENCE EQUITY PARTNERS, INC., SILVER LAKE PARTNERS, TPG CAPITAL, L.P., THOMAS H. LEE | Case No. 1:08-cv-10254-EFH |

| | |
|---|---|
| PARTNERS, L.P. and WARBURG PINCUS LLC, | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF  
MOTION TO CONSOLIDATE**

**I.   INTRODUCTION**

Plaintiffs Kirk Dahl, Helmut Goeppinger, Joel Gerber, James D. Klein, Rufus Orr, and Robert Zimmerman (collectively, "Movants" or "Plaintiffs") respectfully move under Rule 42(a) of the Federal Rules of Civil Procedure for an order consolidating for discovery and trial the action captioned *Klein et al. v. Bain Capital Partners, LLC et al.*, 1:07-cv-12388-EFH (the "*Klein* Case") with the virtually identical action captioned *Dahl et al. v. Bain Capital Partners, LLC et al.*, 1:08-cv-10254-EFH (the "*Dahl* Case").

Plaintiffs make virtually identical factual allegations against the same Defendants[1] regarding the Defendants' and their co-conspirators' concerted efforts to dominate and control the largest LBOs in the country and to fix the buyout prices for target companies at artificially low levels. The disposition of each claim will therefore turn on the adjudication of the same or similar issues and the same or similarly alleged conduct. Accordingly, the actions at issue satisfy the prerequisites for consolidation as: (1) they involve common issues of fact or law; (2) consolidation will clearly result in a more

---

[1]   Specifically, the named Defendants are: Bain Capital Partners, LLC, The Carlyle Group, The Goldman Sachs Group, Inc., GS Capital Partners, L.P., JP Morgan Chase & Co., JP Morgan Partners, LLC, Kohlberg Kravis Roberts & Company, L.P., Merrill Lynch & Co., Inc., Merrill Lynch Global Partners, Inc., Permira Advisors, LLC, Providence Equity Partners, Inc., Silver Lake Partners, TPG Capital, L.P., Thomas H. Lee Partners, L.P. and Warburg Pincus, LLC. Technical changes to the names of certain defendants were made because counsel for the parties conferred as to the names of certain defendants.

efficient process for this Court, counsel, and the witnesses who will be called upon to testify at deposition and trial; and (3) no prejudice will result.

## II.   ARGUMENT

### A.   These Actions Are Appropriate for Consolidation Pursuant to Rule 42(a)

The law surrounding Rule 42(a) in the First Circuit is particularly clear. Rule 42(a) allows for consolidation when actions involve "a common question of law or fact" which is to be determined by the Court.  Once the Court has made this determination, it has "broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc.,* 878 F.2d 5, 8 (1st Cir. 1989).  Furthermore, if the Court determines that these two conditions have been met, the motion to consolidate ordinarily will be granted unless the opposing party shows "demonstrable prejudice." *Id.* (citations omitted).  As set forth herein, the pending cases clearly meet these criteria and should be consolidated.

#### 1.   The Actions Involve One or More Common Questions of Fact

The only requirement set out in Rule 42(a) for consolidation is that the cases involve "a common question of law or fact." This is plainly met here. The *Klein* Case and the *Dahl* Case both assert the same factual pattern: Defendants and their co-conspirators, via bid-rigging and market-allocation cartels, have conspired to dominate and control the largest LBOs in the United States and to fix the buyout prices for target companies at artificially low levels, thereby harming Plaintiff shareholders.  Both cases likewise assert that the actions of the Defendants violate federal antitrust laws.  Therefore, the two cases center around the same scheme with nearly identical facts.

3

Courts routinely consolidate cases when this occurs. For example, in *Cruickshank v. Clean Seas Co.,* 402 F. Supp. 2d 328 (D. Mass. 2005), this Court consolidated two cases which involved "nearly identical facts" and held that both lawsuits arose out of the same allegedly defective product, and contained overlapping legal claims. So, too, here, the cases revolve around the same anticompetitive and illegal scheme perpetrated by the same defendants in violation of overlapping federal antitrust laws. As in *Cruickshank,* these cases should be consolidated pursuant to Rule 42(a).

### 2. Consolidation Will Further the Convenience of the Parties and Witnesses.

The only other factor for a Court in considering consolidation is to weigh the costs and benefits of consolidation and decide whether consolidation is appropriate. In this case, consolidation is highly appropriate as there are virtually ***no*** costs in consolidation but substantial benefits. For example, Movants anticipate that the plaintiffs in each action will seek to depose many of the same individuals from the various Defendants and the production of substantially the same documents. Without consolidation, there will be duplicative discovery demands and the possibility of inconsistent adjudication on a number of issues, including class certification. Consolidation will solve this problem by enabling a single judge with all the parties present to formulate a pretrial plan that will minimize witness inconvenience and overall expense for all parties. Obviously, the savings in time and expense that will result from consolidation will benefit the Plaintiffs as well as the Defendants.

### 3. Consolidation Will Not Prejudice the Defendants

Because these cases have satisfied the above factors for consolidation, they should be consolidated as there will be absolutely no prejudice to the Defendants. Furthermore, if

4

the cases are not consolidated, the Court will be required to make legal and factual determinations inherent to antitrust class actions in each individual case, creating the acute danger of conflicting pretrial rulings and disparate treatment of the purported nationwide classes. Each action presents issues (such as when the Defendants contracted, combined or conspired to divide up the market for LBOs) that, if subject to inconsistent rulings, would only serve to prejudice Plaintiffs.

The two cases before this Court therefore have similar (if not identical) fact patterns and common questions of law and fact. Plaintiffs submit that the Court would benefit from having a single judge oversee one consolidated case to avoid duplicative efforts and inconsistent rulings. This is in keeping with Rule 42(a).

## III. CONCLUSION

For the foregoing reasons, Movants respectfully request that the Court enter an order consolidating the *Klein* Case and the *Dahl* Case for discovery and trial and that the consolidated action bear the caption *In re Private Equity LBO Antitrust Litigation* and the case number of the *Klein* Case – 1:07-cv-12388-EFH.


DATED: April ___, 2008              Respectfully submitted,

                                    ROBINS, KAPLAN, MILLER & CIRESI LLP


                                         s/ Meghan E. Walt
                                    Meghan E. Walt (BBO #658971)
                                    800 Boylston Street, 25th Floor
                                    Boston, MA 02199
                                    (617) 267-2300

K. Craig Wildfang (Admitted *pro hac vice*)
Thomas B. Hatch (*Pro hac vice* Admission Pending)
Stacey P. Slaughter (Admitted *pro hac vice*)
ROBINS, KAPLAN, MILLER & CIRESI LLP
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
(612) 349-8500

Christopher M. Burke (Admitted *pro hac vice*)
Arthur L. Shingler III (Admitted *pro hac vice*)
Hal Cunningham (Admitted *pro hac vice*)
Kristen M. Anderson (*Pro hac vice* Admission Pending)
SCOTT + SCOTT LLP
600 B Street, Suite 1500
San Diego, CA 92101
(619) 233-4565

David R. Scott (Admitted *pro hac vice*)
SCOTT + SCOTT LLP
108 Norwich Avenue
Colchester, CT 06415
(860) 537-3818

Patrick J. Coughlin (Of Counsel)
David W. Mitchell (*Pro hac vice* Admission Pending)
Susan G. Taylor (*Pro hac vice* Admission Pending)
Elisabeth A. Bowman (*Pro hac vice* Admission Pending)
Samantha Smith (*Pro hac vice* Admission Pending)
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

Jack Landskroner (Admitted *pro hac vice*)
Paul Grieco (Admitted *pro hac vice*)
LANDSKRONER • GRIECO • MADDEN, LTD.
1360 West 9th Street, Suite 200
Cleveland, OH 44113
(216) 522-9000

Brian Robbins (*Pro hac vice* Admission Pending)
George Aguilar (Admitted *pro hac vice*)
ROBBINS UMEDA & FINK, LLP
610 West Ash Street, Suite 1800
San Diego, CA 92101
(619) 525-3990

Richard Lockridge (Admitted *pro hac vice*)
Charles N. Nauen (Admitted *pro hac vice*)
Karen Riebel (Admitted *pro hac vice*)
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
Suite 2200
100 Washington Avenue South
Minneapolis, MN  55401
(612) 339-6900

Dennis Stewart (Of Counsel)
HULETT HARPER STEWART, LLP
550 West C Street, Suite 1600
San Diego, CA  92101
(619) 338-1133

J. Gerard Stranch, IV (Admitted *pro hac vice*)
BRANSTETTER, STRANCH & JENNINGS, PLLC
227 Second Avenue, North – 4th Floor
Nashville, TN  37201-1631
(615) 254-8801

Brian Murray (Of Counsel)
MURRAY, FRANK & SAILER LLP
275 Madison Avenue, 8th floor
New York, NY 10016
(212) 682-1818

Mark Reinhardt (Of Counsel)
REINHARDT WENDORF &
BLANCHFIELD
P.O. Box 460
2201 Atlantic Avenue
Sullivan's Island, SC 29482
(651) 287-2100

Nadeem Faruqi (Of Counsel)
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, NY 10017
(212) 983-9330

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on April 24, 2008, a copy of the foregoing Memorandum of Law in Support of Motion for Consolidation was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        s/ Meghan E. Walt
MEGHAN E. WALT
ROBINS, KAPLAN, MILLER & CIRESI LLP
800 Boylston Street, 25th Floor
Boston, MA 02199
(617) 267-2300
mewalt@rkmc.com